UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HATTIE WASHINGTON,<br><br>    Plaintiff,<br><br>    v.<br><br>SPECIALTY RISK SERVICES and MEGABUS/COACH,<br><br>    Defendants. | 12-CV-1393<br><br>OPINION |

      This matter comes before the Court on Defendants' motion to dismiss the complaint for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6). For the reasons discussed below, the Court will grant Defendants' motion to dismiss as to Plaintiff's claims arising under federal law and remand the action to state court for further proceedings.

      On January 9, 2012, Plaintiff filed this action against Defendants in the Law Division of the Superior Court of New Jersey, Union County. Plaintiff alleges that on December 9, 2011, acting in her capacity as an employee of Defendant Megabus/Coach ("Megabus"), she was driving a bus that rolled over due to weather conditions, which included gale force winds and ice-covered roads. She alleges that the accident caused her a number of injuries, the sum of which left her "60% permanen[tly]" disabled. She further alleges that shortly thereafter, Megabus terminated her without providing her with the due process required by an applicable collective bargaining agreement (the "CBA"). While her complaint does not contain numbered counts, she appears to raise claims for breach of the CBA, nonpayment of an insurance policy, and claims relating to worker's compensation.

      On March 6, 2012, Defendants removed this action to this Court pursuant to 28 U.S.C. § 1441, arguing that the Court has federal question jurisdiction over Plaintiff's claim for breach of the CBA and supplemental jurisdiction over Plaintiff's remaining state law claims. Defendants filed the pending motion to dismiss on March 26, 2012. Plaintiff failed to properly file a timely opposition brief, but she did send a letter to Defendants' counsel requesting an extension of time to, among other things, file an opposition to Defendants' motion. On June 8,

2012, Plaintiff filed a letter in opposition. On June 13th, Defendants filed their reply, which also urged the Court to refuse to consider Plaintiff's untimely opposition. Given Plaintiff's pro se status, and her attempt to request an extension, the Court will consider Plaintiff's June 8th letter as an opposition brief.

The Court has original jurisdiction over Plaintiff's claim for breach of the CBA pursuant to 28 U.S.C. § 1331 and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"), which establishes that the federal courts have federal question jurisdiction over lawsuits alleging breach of a labor agreement. *Mack Trucks, Inc. v. Int'l Union, United Auto, Aerospace and Agr. Implement Workers of America, UAW*, 856 F.2d 579, 587 (3d Cir. 1988). The Court has supplemental jurisdiction over Plaintiff's remaining claims – all of which appear to arise under state law – pursuant to 28 U.S.C. § 1367.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

If a federal court dismisses all federal claims in an action based on federal question jurisdiction, then the court must decide whether to exercise supplemental subject-matter jurisdiction over the remaining pendent state law claims. "'[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)).

Plaintiff's claim for breach of the CBA is barred by the LMRA's six-month statute of limitations. Claims arising under Section 301 of the LMRA have a six-month statute of limitations that begins to run "when the claimant discovers, or in the exercise of reasonable diligence should have discovered the acts constituting

the violation." *Vadino v. A. Valey Engineers*, 903 F.2d 253, 260 (3d Cir. 1990). Megabus terminated Plaintiff in December 2009 – more than two years before Plaintiff filed this lawsuit. Plaintiff presents no reason that the Court should toll the statute of limitations, and indeed, the Court finds none. Accordingly, the Court will dismiss Plaintiff's claim for breach of the CBA with prejudice as time-barred.

The Court also declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. This action is at an early stage of the proceedings, and a state court will be more than able to competently address the remaining state law issues. The Court finds no reason that judicial economy, convenience, or fairness to the parties would require it to exercise supplemental jurisdiction, and accordingly, the Court "*must* decline to decide the pendent state claims." *Hedges*, 204 F.3d at 123.

An appropriate order follows.

/s/ William J. Martini

**WILLIAM J. MARTINI, U.S.D.J.**